Filed 11/20/25  P. v. Lewis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086264 |
| v. | (Super.Ct.No. FSB038848) |
| ALVIN LAMONT LEWIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Dismissed.

Alvin Lamont Lewis, in pro. per.; and Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

In 2003, a jury convicted Alvin Lamont Lewis of robbery and found that he personally used a firearm in committing the offense. (Pen. Code, §§ 211, 12022.5, subd. (a)(1); unlabeled statutory references are to this code.) The court denied his motion to strike a prior strike conviction, and it sentenced him to 40 years to life in state prison. In May 2024, Lewis filed a motion pursuant to subdivisions (a)(3)-(4) and (d) of section 745 and a discovery request pursuant to section 745, subdivision (a)(3), and Evidence Code section 1043, subdivision (b). The following month, he filed a motion for resentencing pursuant to section 1172.1. In March 2025, Lewis's appointed defense counsel filed a discovery request pursuant to section 745, subdivision (d), to address "shortcomings" in Lewis's original discovery request. The court denied Lewis's motions on the basis that it did not have jurisdiction to consider them.

Lewis appealed, and we appointed counsel to represent him. Counsel filed a brief raising no issues and asking us to exercise our discretion to review the record under *People v. Delgadillo* (2022) 14 Cal.5th 216, 232. We notified Lewis and gave him the opportunity to file a supplemental brief, and he has done so.

Pursuant to section 745, a defendant "whose judgment is already final [is] permitted to bring a Racial Justice Act claim only in (1) a petition for writ of habeas corpus pursuant to section 1473 (for incarcerated defendants), or (2) a motion under section 1473.7 (for defendants who are no longer in criminal custody)." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 1000.) Because Lewis's judgment had long been final when he filed his motions, his motion under section 745 was not authorized, and the

2

court lacked jurisdiction to grant it. (*Id*. at p. 999.) The denial of the motion consequently did not affect Lewis's substantial rights and is therefore not an appealable order. (§ 1237, subd. (b); *People v. Faustinos* (2025) 109 Cal.App.5th 687, 694.) Moreover, section 1172.1 authorizes resentencing only on recommendation of various governmental officials or sua sponte by the court, and it expressly provides that "[a] defendant is not entitled to file a petition seeking relief from the court under this section." (§ 1172.1, subd. (c).) Because Lewis's petition was an unauthorized request to modify a final judgment, the trial court lacked jurisdiction to grant it, so the denial did not affect Lewis's substantial rights. The order is therefore not appealable.[1] (*Faustinos*, at pp. 695-696.) Because we lack jurisdiction over this appeal, we do not have discretion to review the record to look for arguable issues. We also need not and cannot address the arguments raised in the supplemental brief, which contains no arguments concerning appellate jurisdiction.

---

[1] Were we to conclude that the denial of Lewis's discovery request is appealable, we would have to affirm. Lewis's attempt to show good cause consisted of the following allegations: "(1) Defendant is Black; (2) he is charged with shooting at an occupied motor vehicle, and he was charged as an adult while he was only 15-16 years old at the time of the offense." The trial court did not abuse its discretion by concluding that Lewis had not shown good cause for his discovery request under section 745. (See *Young v. Superior Court* (2022) 79 Cal.App.5th 138, 168-169.) Lewis's supplemental brief contains no argument to the contrary.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____

J.

We concur:

McKINSTER _____

Acting P. J.

MILLER _____

J.